IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREG SELLARDS | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. |
| SUN MEDICAL, INC., THE SUN | § | 3:05-CV-1182-B |
| MEDICAL, INC. EMPLOYEE STOCK | § | |
| OWNERSHIP PLAN, and THE | § | JURY DEMANDED |
| SUN MEDICAL, INC. SUPPLEMENTAL | § | |
| EXECUTIVE RETIREMENT PLAN | § | |
| | § | |
| Defendants | § | |

**PLAINTIFF'S REPLY TO
DEFENDANTS' COUNTERCLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Greg Sellards ("Sellards"), and files this his Reply to Sun Medical, Inc.'s, The Sun Medical, Inc. Employee Stock Ownership Plan's, and The Sun Medical, Inc. Supplemental Executive Retirement Plan's ("Defendants") Counterclaim and in support thereof, would show the Court as follows:

**I.**

**JURY DEMAND**

1.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Sellards requests a trial by jury on all issues triable to a jury.

## II.

## REPLY TO COUNTERCLAIM

2. Sellards has insufficient information to form a belief as to the truth of the factual allegations contained in Paragraph 6 of the Factual Background.

3. Sellards admits that he resigned as Chief Executive Officer and, later as Chairman of the Board, of Sun Medical and that he entered into an agreement that he would not be a "direct employee" but denies the remaining factual allegations contained in Paragraph 7 of the Factual Background.

4. Sellards denies the factual allegations contained in Paragraphs 8 and 9 of the Factual Background.

5. Sellards admits that he received certain tax related documents but denies the remaining factual allegations contained in Paragraphs 10-12 of the Factual Background.

6. Sellards denies the factual allegations contained in Paragraphs 13 and 14 of the Factual Background.

7. Sellards admits that he performed certain functions in certain capacities for Counterclaimants but denies that he breached any duties and denies the remaining factual allegations contained in Paragraph 15 of the Factual Background.

8. Sellards admits that he had an ownership interest in Dual Development but denies the remaining factual allegations contained in Paragraph 16 of the Factual Background.

9. Sellards admits that Sun Medical sold the pain management division to ANS but denies the remaining factual allegations contained in Paragraph 17 of the Factual Background.

10. Sellards denies the factual allegations contained in Paragraphs 18 and 19 of the Factual Background.

11. Sellards admits that Sun Medical was leasing its business premises from Dual Development but denies the remaining factual allegations contained in Paragraph 20 of the Factual Background.

12. Sellards admits that the SERP was adopted by Sun Medical and he was the only participant but denies the remaining factual allegations contained in Paragraph 21 of the Factual Background.

13. Sellards denies the factual allegations contained in Paragraphs 22-26 of the Affirmative Defenses.

14. Sellards denies the factual allegations contained in Paragraphs 27-37 of the Counterclaim.

15. Sellards admits the factual allegations contained in Paragraph 38 of the Counterclaim.

16. Sellards denies the factual allegations contained in Paragraphs 39-43 of the Counterclaim.

### III.

### Affirmative Defenses to Counterclaim

**A.   Factual Background**

17. The claims asserted against Sellards in the Counterclaim are frivolous and should be stricken. Sellards seeks recovery of his attorneys' fees and expenses incurred in defending against these claims.

18. All of the actions of Sellards as an officer and director of Sun Medical and as a trustee of the retirement plans were fully disclosed and were authorized and ratified by the appropriate entities. Sun Medical is barred from asserting claims against Sellards for such actions.

19. Sun Medical, through the operative provisions of its by-laws, is obligated to indemnify Sellards to the full extent allowed by the Texas Business Corporation Act. This obligation of Sun Medical to indemnify Sellards is a bar to the claims asserted against Sellards in the counterclaim.

20. Sun Medical is barred from asserting claims against Sellards for alleged conflicts of interest because the relevant circumstances and interests were fully disclosed to Sun Medical by Sellards and because the by-laws of Sun Medical, in Article 3, Section 13, expressly authorize interested directors to enter into transactions with Sun Medical under the circumstances alleged here.

21. Sun Medical has executed a release of Sellards as a part of the compromise and settlement of earlier litigation between Dual Development Company and Sun Medical. Sun Medical paid Dual Development Company a sum of money and released Dual Development and Sellards from any claims relating to or arising out of the contract between Dual Properties and Sun Medical. This release is a bar to the claims asserted in the Counterclaim.

22. The formation and operation of the ESOP and the SERP were guided and approved by counsel and other outside consultants and were fully disclosed to and approved by the Board of Directors (including all disinterested directors other than Sellards as permitted by the bylaws and TBCA art. 2.35-1) at every juncture. None of the transactions of which Defendants complain were required to be authorized by the shareholders of Sun Medical. Accordingly, there can be no breach of fiduciary duty by Sellards to the ESOP in his capacity as trustee since he at no time voted any shares of stock of Sun Medical owned by the ESOP to approve or disapprove of the transactions complained of by Defendants. Further, any claims against Sellards as a fiduciary of the ESOP are barred by the obligation of Sun Medical to indemnify Sellards for claims against Sellards that arise because of his service at the request of Defendant Sun as a "… trustee…of an employee benefit plan or other enterprise…" (i.e., the ESOP and SERP). See Bylaws, Section 5 (as amended). Certain errors made by others than Sellards did not come to light until 2003. Sellards did not learn of these errors until 2003 and was not in a position to complain of them until he learned of them. The claims in the Counterclaim in regard to the SERP and the ESOP are subject to the obligation of Sun Medical to indemnify Sellards.

23. The quantum meruit claims contained in the Counterclaim are barred by limitations. For example, Trinity City Mortgage Co. ceased to operate in 2000. Wintergreen ceased to operate in 1999. Hospital Waste Management ceased to operate in 1996. The employees who performed the minor services asserted received compensation for their services and repeatedly stated that their efforts were minor and not time

consuming. The tax returns in question have not been executed by a tax return preparer. Any claims related to Dual Development have been released.

**B.   Ratification**

24.   By virtue of the foregoing, Counterclaimants are barred from bringing these breach of duty claims asserted in the Counterclaim by virtue of their ratification of the actions of which they now complain.

**C.   Release**

25.   By virtue of the foregoing, Counterclaimants have released the claims asserted in the Counterclaim related to the Dual Development.

**D.   Statute of Limitations**

26.   Counterclaimants are barred by the statute of limitations from bringing the claims asserted in the Counterclaim.

**E.   Indemnification**

27.   Counterclaimants are obligated to indemnify Sellards for the very claims they assert against Sellards, which bars them from bringing the claims asserted in the Counterclaim.

WHEREFORE, PREMISES CONSIDERED, Sellards prays that upon hearing, judgment be entered that Defendants take nothing on their claims against him, that he recover the relief sought in his Complaint, that he be awarded costs of court and all such

other and further relief, both special and general, either at law or in equity, to which he may show himself justly entitled.

             Respectfully submitted,

             **WRIGHT & GUNTER LLP**

BY: _____
             Robert L. Wright
             State Bar No. 22054300
             612 Eighth Avenue
             Fort Worth, Texas 76104
             Telephone: (817) 850-0075
             Facsimile: (817) 870-9101
             rwright@wrightgunter.com

             **COUNSEL FOR PLAINTIFF**
             **GREG SELLARDS**

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on opposing counsel of record via Certified Mail, Return Receipt Requested on September 14th, 2005.

Jim Runzheimer
Attorney at Law
2405 Garden Park Ct.
Suite A
Arlington, Texas 76013

_____
Robert L. Wright